**IN THE COURT OF APPEALS OF IOWA**

No. 21-0400
Filed January 27, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SCOTT ALLEN SMITH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Nicholas Scott, District
Associate Judge.


        Scott Smith appeals his conviction of domestic abuse assault causing bodily
injury and the sentence imposed. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant
Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Schumacher, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**SCOTT, Senior Judge.**

Scott Smith appeals his conviction of domestic abuse assault causing bodily injury and the sentence imposed. He argues the district court (1) "erred by refusing to admit favorable, relevant defense evidence and by denying [his] motion for a mistrial" based on that claim and (2) "abused its discretion when it imposed a fine and the crime services surcharge" as part of his sentence.

## I. Background Facts and Proceedings

Scott Smith and H.L. began a relationship in 2018. The relationship continued for about two years, during which they lived together, first in an apartment and then "in the woods in a tent." At the time of the events precipitating Smith's conviction, Smith and H.L. continued to live in a tent together, and they had a neighbor, Curtis, who lived in a nearby tent. H.L. and Smith commonly consumed alcohol throughout the day.

When H.L. awoke on the morning of April 24, 2020, she was still "[m]aybe a little" intoxicated from the day before. Smith asked her to acquire more alcohol, after which H.L. and Curtis went to a nearby liquor store. Upon their return, Smith "was acting . . . like he thought . . . Curtis and [H.L.] had been together sexually." Thereafter, Smith and H.L. began drinking in their tent for about thirty minutes, during which Smith questioned H.L. and smacked her in the face several times. He also poked her in the chest multiple times. H.L. finally had enough "and ran out of the tent" to get away—without her shoes, sweater, glasses, or phone. H.L. did not consume any alcohol between the time she woke up and returned from the liquor store, but she consumed "[m]aybe a couple drinks" with Smith after she returned, although she did not feel intoxicated.

After H.L. fled, she returned to the liquor store, bought a pint of alcohol, and consumed half of it before the police arrived in response to a 911 call from personnel at the liquor store. Officers could not take a statement from H.L. due to her level of intoxication. She was taken to the hospital to have her injuries assessed. H.L. testified when she woke up on the day in question, she already had a bruise on her left eye, but after she fled the tent, she had additional injuries— "a broken nose, bruises on [her] arms [and] chest. . . . Both eyes blackened." After visiting the hospital, H.L. went to a hotel. Officer Bradley Day of the Cedar Rapids Police Department visited H.L. the next day at the hotel. He observed her "obvious injuries" upon meeting with her, and he took her statement and photographed her injuries.[1] H.L. had not been consuming alcohol prior to giving her statement that day.

In relation to the foregoing, Smith was charged by trial information with domestic abuse assault causing bodily injury. A jury found him guilty as charged. The court sentenced Smith to thirty days in jail with credit for time served and "a fine of $315 plus the 15 percent surcharge and domestic surcharge of $90." The court found Smith had no reasonable ability to pay "category B" restitution. The court extended the no-contact order for five additional years and ordered Smith to complete the domestic abuse program.

Smith appeals.

---

[1] Photographs of H.L.'s injuries depicting bruising of her eyes, arms, and chest and a swollen nose were admitted as evidence.

**II.     Discussion**

     A.     Admissibility of Evidence

We begin with Smith's claims the court abused its discretion in overruling his resistance to one of the State's relevancy objections and denying his subsequent motion for mistrial.  At trial, on cross-examination of Officer Day, defense counsel asked: "If a person appears in public who's intoxicated or who simulates intoxication in public, that could be grounds for an arrest, correct?"  The State objected on relevance grounds.  The defense responded: "It goes to relevance in regards to the victim's state of mind.  [Sh]e[2] was at a public liquor store."  The court sustained the State's objection.[3]  Although Officer Day was not at the liquor store on April 24, his ensuing testimony disclosed H.L. "was extremely intoxicated" in a local liquor store when she came into contact with police, to an extent that a police report could not be taken from her.

Following the completion of Officer Day's testimony and the State resting, the defense moved for a mistrial as follows:

> I'm asking for a mistrial based on the fact I was not able to get into my public intoxication.  It went to the motive into why [H.L.] made an allegation that he abused her.  Therefore, I'm asking for a mistrial based on the fact I was not able to get into that line of questioning.  Therefore, it has hamstrung my ability to make argument to the jury.

The State responded, among other things, the substance of the elicited testimony was not relevant to motive and whether other people could have been arrested

---

[2] The trial transcript states "He was at a public liquor store."  We assume this was a typo and was supposed to be "She," given the fact the statement was referring to H.L., a woman.  Smith's appellate brief appears to agree, as it similarly modifies the quotation from the trial transcript.

[3] The court also denied the State's subsequent motion to strike the question, as it was a question posed by counsel and not part of the evidence.

was not relevant to the investigation of the alleged acts by Smith. The court overruled the objection and motion for a mistrial. Defense counsel then added:

> [T]he defense should be able to get into motive of why a victim may make a report to the police is relevant in regards to in this case if a person is in the public who simulates intoxication or is intoxicated that they may be arrested, especially when there was evidence that came in that she came into the liquor store without her shoes on and she proceeded to buy more liquor.

Absent evidence H.L. was under investigation for public intoxication or law enforcement was going to act on that alleged offense, the court found the potential evidence lacking in relevance and stood by its ruling. Later, after resolution of Smith's motion for judgment of acquittal, the court explained it was not aware Smith's resistance to the State's relevance objection had anything to do with the defense's trial strategy and that is why the court sustained the objection. Even later, there was discussion about defense counsel's "explanation . . . that the line of questioning for public intoxication was to present a defense that she made up the story of domestic abuse to avoid being arrested for public intoxication." Following that discussion, the parties agreed to provide the following stipulation to the jury: "Public intoxication is a criminal offense in the State of Iowa."

As noted, Smith argues the court abused its discretion in granting the State's relevancy objection and denying his motion for mistrial. In addition to claiming the evidence was relevant, he lodges claims the court's decisions violated his constitutional rights to due process, a fair trial, and to present a defense. The State agrees error was preserved on Smith's resistance to the relevancy objection but challenges error preservation on Smith's claims relating to constitutional rights to due process, a fair trial, and to present a defense. Smith argues error was

preserved on these claims because defense counsel's statement as to being "hamstrung" implicated these constitutional rights, the State responded to the argument, and the court considered it when it ruled. The State responds the constitutional claims Smith urges were "implicated" in his mistrial motion are not preserved because the motion came too late to preserve error and the motion did not raise arguments of a constitutional dimension.

During Day's testimony, the State objected to defense counsel's question as to whether an intoxicated person's presence in public could be grounds for an arrest on relevance grounds. Defense counsel's responsive offer of proof only claimed the solicited testimony was relevant on the issue of H.L.'s state of mind. The offer of proof forwarded none of the constitutional claims now raised on appeal, so they were not preserved by Smith's resistance to the State's objection. Assuming without deciding Smith's subsequent motion for mistrial raised the constitutional claims, we agree with the State the motion came too late to preserve error. That is because "[p]roper preservation of alleged errors committed by [the] trial court in the introduction of evidence at trial ordinarily requires timely objections, raised at the earliest time the error becomes apparent." *State v. Jirak*, 491 N.W.2d 794, 796 (Iowa Ct. App. 1992) (second alteration in original) (quoting *State v. Gibb*, 303 N.W.2d 673, 678 (Iowa 1981)). Smith did not raise the constitutional complaints, if at all, until after the completion of Officer Day's testimony and the conclusion of the State's case-in-chief. This was too late to preserve error. *See id.*; *see also State v. Brown*, No. 14-0667, 2015 WL 5577971, at *4 (Iowa Ct. App. Sept. 23, 2015) ("No motion for mistrial was made until the witness's testimony had concluded entirely. Accordingly, error was not

preserved."); *State v. Leggio*, No. 09-0421, 2009 WL 4842811, at *1 (Iowa Ct. App. Dec. 17, 2009) ("The actual motion for mistrial was not made until after this witness and the next witness were finished testifying. We conclude error was not preserved on this issue.").

So we are left with the court's decision to sustain the relevancy objection. We review this decision for abuse of discretion, our most deferential standard of review, and we afford the district court "'wide latitude regarding admissibility' so long as [it] did not ignore the established rules of evidence." *State v. Thompson*, 954 N.W.2d 402, 406 (Iowa 2021) (quoting *State v. Sallis*, 574 N.W.2d 15, 16 (Iowa 1998)); *see State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Tipton*, 897 N.W.2d 653, 691 (Iowa 2017). "Reversal is only warranted when 'a substantial right of the party is affected.'" *Mercer v. Pittway Corp.*, 616 N.W.2d 602, 612 (Iowa 2000) (quoting *McClure v. Walgreen Co.*, 613 N.W.2d 225, 235 (Iowa 2000)). If the record shows a lack of prejudice on a particular ruling, reversal is inappropriate. *See id.*

Relevant evidence is generally admissible. Iowa R. Evid. 5.402. Evidence is relevant if (1) "[i]t has any tendency to make a fact more or less probable than it would be without the evidence" and (2) "[t]he fact is of consequence in determining the action." Iowa R. Evid. 5.401. Smith argues "the fact that an individual can be arrested in public for being intoxicated is relevant to [H.L.]'s state of mind at the time she reported the crime because she was intoxicated in a public place—the liquor store." He maintains this calls into question whether she fabricated the

allegations to prevent her own arrest. But Smith's offer of proof did not forward a claim the solicited testimony was aimed at H.L.'s intent to fabricate. It was only aimed at her "state of mind," which might have been relevant to show whatever H.L. told officers at the liquor store was unreliable due to her level of intoxication. The motive to fabricate was not raised until the mistrial motion, which came too late and is unpreserved. Also, as the State points out, the information that counsel wanted to be placed before the jury was that H.L. could have been arrested, from a police officer's standpoint. Officer Day's response to the question would not have been relevant on the issue of H.L.'s motive to fabricate absent any evidence that H.L. knew she could have been arrested, which the defense did not inquire of H.L. on cross-examination prior to Officer Day's testimony. There was also no evidence that officers were summoned because H.L. was intoxicated or that officers were pursuing the arrest of H.L. for public intoxication. The evidence is undisputed that H.L. did not provide her official account until the next day, to an officer who was not present at the liquor store, who responded to a dispatch call in reference to H.L. wanting to make a report of domestic violence, at a time when she was not under the influence and therefore not potentially subject to arrest. And the evidence is undisputed that H.L. became intoxicated after returning to the liquor store and before officers arrived, so the stipulation read to the jury that "[p]ublic intoxication is a criminal offense in the State of Iowa" largely served the same purpose as the testimony requested from Officer Day—that H.L. could have been arrested.

On our review, Officer Day testifying to H.L. being, in his opinion, subject to arrest, by itself, had no tendency to make H.L.'s alleged motive to fabricate more

probable than it would have been without the evidence and was therefore not relevant. In any event, the fact that H.L. could have been arrested made its way to the jury as a result of the parties' stipulation, and Smith was not prejudiced. Finding no cause for reversal on the issues properly presented for our review, we affirm on this point. We decline Smith's invitation to adopt plain-error review in relation to his foregoing claims. *See, e.g.*, *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) ("We have repeatedly rejected plain error review and will not adopt it now.").

### B. Sentencing

Smith argues the district court abused its discretion in imposing the fine and crime services surcharge.[4] Specifically, he claims the court failed to state its reasons for imposing the fine and surcharge, claiming, "the district court's reasons for the sentences are tied to its decision to impose a thirty day jail sentence," and the court's "reasons do not indicate why [it] imposed the fine and crime services surcharge rather than suspending them." Smith agrees the court considered the pertinent sentencing factors contained in Iowa Code sections 901.5 and 907.5 (2020) in reaching its overall sentence. As the State points out, Smith's claim is that the court failed to give separate reasons for not exercising its option to suspend the fine, which would result in a corresponding reduction in the surcharge. *See Horton v. State*, 966 N.W.2d 663, 667 (Iowa Ct. App. 2021). All that is required of the district court is its consideration and weighing of pertinent sentencing

---

[4] According to his brief, "Smith does not contest the imposition of a jail sentence or the domestic abuse surcharge of ninety dollars on appeal, only the imposition of the fine and crime services surcharge."

matters, which Smith agrees the court did, and the "court is not required to give its reasons for rejecting particular sentencing options." *State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995). The court satisfied its duty, and we find no abuse of discretion.

Smith alternatively claims, citing his financial struggles, imposition of the fine and surcharge was an abuse of discretion and should be vacated. He claims "[t]he record shows both before and at the time of sentencing [he] had been experiencing extreme financial difficulties." True, the trial record showed Smith was living in a tent in the woods and sentencing counsel submitted he remained homeless at the time of sentencing and had some health issues. But beyond that, everything Smith relies on to support his assertion concerning financial struggles—(1) the affidavit of financial status concerning his reasonable ability to pay restitution he filed after sentencing and (2) his financial obligations for other criminal cases as shown on Iowa Courts Online[5]—were not before the sentencing court when it imposed sentence. The court considered the financial details of which it was made aware, and its failure to consider matters not placed before it is not an abuse of discretion. We find Smith has failed to overcome the presumption of the validity of his sentence and affirm the sentence imposed.

III. **Conclusion**

We affirm Smith's conviction and the sentence imposed.

**AFFIRMED.**

---

[5] Smith asks we take judicial notice of his financial obligations resulting from separate proceedings as shown on Iowa Courts Online. Absent agreement between the parties, we decline to do so. *See State v. Washington*, 823 N.W.2d 650, 655–56 (Iowa 2013).